## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JANET AVIGNE and LAUREN
MORGAN, individually and on behalf
of all others similarly situated,

      Plaintiffs,

-v-

THE KROGER CO.,

      Defendant.

Case No.: 2:22-cv-11889

District Judge Matthew F. Leitman

Magistrate Judge Jonathan J.C. Grey

## DEFENDANT THE KROGER CO.'S MOTION TO
## DISMISS PURSUANT TO FED. R. CIV. P. 12(B) AND 9(B)

Defendant The Kroger Co. ("Kroger"), by its attorneys, Lewis & Munday, P.C., pursuant to Fed. R. Civ. P. 12(b) and 9(b), move this Court for an order dismissing Plaintiffs Janet Avigne and Lauren Morgan's ("Plaintiffs") Complaint with prejudice.

Pursuant to E.D. Mich. L.R. 7.1(a), and this Court's motion practice guidelines, Kroger's counsel contacted Plaintiffs' counsel on December 15, 2022, and explained the nature of this motion, including its legal bases, and requested but did not receive concurrence in the relief sought.

WHEREFORE, Kroger respectfully requests that this Court enter an order granting Kroger's Motion, dismissing Plaintiffs' Complaint with prejudice,

awarding Kroger its costs and attorneys' fees incurred in bringing this Motion, and

granting such other relief in Kroger's favor as is proper.

Respectfully submitted,

**LEWIS & MUNDAY, P.C.**

/s/ T.L. Summerville (P63445)
Reginald G. Dozier (P38054)
T.L. Summerville (P63445)
Attorneys for The Kroger Co.
535 Griswold Street, Suite 2300
Detroit, Michigan 48226
(313) 961-2550
tsummerville@lewismunday.com

Dated: December 16, 2022

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C**.

Samuel Lanier Felker, Esq.
 Desislava Docheva, Esq.
Attorneys for The Kroger Co.
1600 West End Avenue, Suite 2000
Nashville, TN  37203
Tel: (615) 726-5558
samfelker@bakerdonelson.com

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JANET AVIGNE and LAUREN
MORGAN, individually and on behalf
of all others similarly situated,

     Plaintiffs,

     Case No.: 2:22-cv-11889

-v-

     District Judge Matthew F. Leitman

THE KROGER CO.,

     Magistrate Judge Jonathan J.C. Grey

     Defendant.

## DEFENDANT THE KROGER CO.'S BRIEF IN SUPPORT OF
## MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B) AND 9(B)

## <u>TABLE OF CONTENTS</u>

STATEMENT OF ISSUE(S) PRESENTED ............................................................. ii

CONTROLLING OR MOST APPROPRIATE AUTHORITY .............................. ii

TABLE OF AUTHORITIES ................................................................................. iii

INTRODUCTION .................................................................................................1

BACKGROUND ...................................................................................................1

STANDARD OF REVIEW ...................................................................................3

ARGUMENT ........................................................................................................3

    I.    Avigne's MCPA claim is statutorily exempt and should be dismissed...3

    II.   Morgan's multiple California state law claims should be dismissed for lack of personal jurisdiction....................................................................5

    III.  Plaintiffs' consumer fraud and common-law fraud claims are not plead with particularity and should be dismissed...............................................8

        A.  *Rule 9(b)'s application to MCPA, CLRA, UCL and fraud claims* ..8

        B.  *Plaintiffs' fraud claims* ................................................................10

    IV.  Morgan's CLRA and UCL claims fail the reasonable consumer test and should be dismissed ...............................................................................13

    V.   Morgan's injunctive relief claim under CLRA should be dismissed for lack of standing ....................................................................................16

    VI.  Plaintiffs' MMWA claims are legally deficient and should be dismissed ..............................................................................................................17

    VII. Plaintiffs' warranty claims are insufficient to state a claim for relief and should be dismissed ...............................................................................20

    VIII...Plaintiffs' unjust enrichment claims are insufficient to state a claim for relief and should be dismissed ...............................................................24

CONCLUSION AND RELIEF REQUESTED .....................................................25

i

## <u>STATEMENT OF ISSUE(S) PRESENTED</u>

1. Should Avigne's claim for violations of the MCPA be dismissed, as sale of a food product by Kroger at a licensed facility is a transaction exempt from the MCPA and not actionable as a matter of law;

2. Should Morgan's various state law claims based on sales transactions in California be dismissed for lack of personal jurisdiction over Kroger;

3. Should Plaintiffs' consumer fraud and common-law fraud claims be dismissed for failure to plead with particularity and for failure to state a claim;

4. Should Plaintiffs' various warranty claims be dismissed for failure to state a claim and for failure to provide pre-suit notice;

5. Should Plaintiffs' unjust enrichment claims be dismissed for failure to state a claim; and

6. Should Morgan's injunctive relief claim be dismissed for lack of standing.

Kroger answers: Yes

Plaintiffs answer: No.

The Court should answer: Yes

## <u>CONTROLLING OR MOST APPROPRIATE AUTHORITY</u>

Kroger relies upon Fed. R. Civ. P. 12(b), as well as the additional authorities cited in its Brief in Support.

## <u>TABLE OF AUTHORITIES</u>

<u>Cases</u> <u>Page(s)</u>

*Alexander v. Del Monte Corp.,*
    No. 09–12303, 2011 WL 87286 (E.D. Mich. Jan. 11, 2011) ..........................4

*Am. Suzuki Motor Corp. v. Superior Court,*
    37 Cal. App. 4th 1291 (Cal. Ct. App. 1995)....................................................22

*Anderson v. Gulf Stream Coach, Inc.,*
    662 F.3d 775 (7th Cir.2011) .........................................................................18

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)........................................................................................3

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007)........................................................................................3

*BNSF Ry. Co. v. Tyrrell,*
    137 S. Ct. 1549 (2017)....................................................................................6

*Bosway Tube & Steel Corp. v. McKay Mach. Co.,*
    65 Mich. App. 426 (1975) .............................................................................21

*Bristol-Myers Squibb Co. v. Super. Ct. of Cal., San Francisco Cty.,*
    137 S. Ct. 1773 (2017)...........................................................................6, 7, 8

*Bruton v. Gerber Prod. Co.,*
    703 F. App'x 468 (9th Cir. 2017) .................................................................24

*Colpitts v. Blue Diamond Growers,*
    No. Civ. 2487 (JPC), 2021 WL 981455 (S.D. N.Y. Mar. 16, 2011).............16

*Daimler AG v. Bauman,*
    571 U.S. 117 (2014).....................................................................................5, 6

*Davidson v. Kimberly-Clark Corp.,*
    873 F.3d 1103 (9th Cir. 2017) ......................................................................17

*Davis v. HSBC Bank Nevada, N.A.,*
    691 F.3d 1152, 1162 (9th Cir. 2012) ............................................................14

*Floyd v. Am. Honda Motor,*
    966 F.3d 1027 (9th Cir. 2020) ....................................................................17

*Garcia v. Chrysler Group LLC,*
    No. 14-cv-8926 (KBF), 2015 WL 5123134 (S.D. N.Y. 2015) ....................18

*Gonzales v. Carmax Auto Superstores, LLC,*
    669, F. App'x 872 (9th Cir. 2016)................................................................22

*Goodyear Dunlop Tires Operations, S.A. v. Brown,*
    564 U.S. 915 (2011)....................................................................................6, 8

*Guaranteed Constr. Co. v. Gold Bond Prods.,*
    153 Mich. App. 385, 395 N.W.2d 332 (1986) ............................................20

*Hi-Way Motor Co. v. Int'l Harvester Co.,*
    398 Mich. 330 (1976) ..................................................................................11

*Home Owners Ins. Co. v. ADT LLC,*
    No. 15-cv-11262, 2015 WL 3763489 (E.D. Mich. May 21, 2015)..............11

*HRL Land or Sea Yachts v. Travel Supreme, Inc.,*
    2009 WL 427375 (W.D. Mich. 2009) ........................................................19

*Hubmer v. Walmart, Inc.,*
    No. EDCV 20-1369 JGB (KKx), 2021 WL 1537206 (C.D. Cal. Feb. 16,
    2021) ..........................................................................................................13

*In re FCA US LLC Monostable Elec. Gearshift Litig.,*
    280 F. Supp. 3d 975 (E.D. Mich. 2017) ......................................................19

*In re MyFord Touch Consumer Litig.,*
    46 F. Supp. 3d 936 (N.D. Cal. 2014)............................................................19

*In re Sony Gaming Networks & Customer Data Sec. Breach Litig.,*
    903 F. Supp. 2d 942 (S.D. Cal. 2012) ........................................................14

*Jolley v. Carmax Auto Superstores West Coast, Inc.,*
  No. CV 15–09382 RGK (SSx), 2016 WL 8923917
  (C.D. Cal. Feb. 8, 2016) ................................................................................22

*Jones v. ConAgra Foods, Inc.,*
  912 F. Supp. 2d 889 (N.D. Cal. 2012).........................................................14

*Kearns v. Ford Motor Co.,*
  567 F.3d 1120 (9th Cir. 2009) .......................................................................9

*Kussy v. Home Depot U.S.A. Inc.,*
  No. 06-12899, 2006 WL 3447146 (E.D. Mich. Nov. 28, 2006) ....................8

*Liss v. Lewiston-Richards, Inc.,*
  478 Mich. 203, 732 N.W.2d 514 (2007) ........................................................4

*Lozano v. AT&T Wireless Servs., Inc.,*
  504 F.3d 718 (9th Cir. 2007) .......................................................................13

*Lyngaas v. Ag,*
  992 F.3d 412 (6th Cir. 2021) .........................................................................7

*Mayhall v. A.H. Pond Co., Inc.,*
  129 Mich.App. 178 (1983) .............................................................................9

*Minkler v. Apple, Inc.,*
  65 F.3d 810 (N.D. Cal. 2014) ......................................................................19

*Minkler v. Apple, Inc.,*
  65 F. Supp. 3d 810, No. 5:13–CV–05332–EJD, 2014 WL 4100613
  (N.D. Cal. Aug. 20, 2014) ...........................................................................21

*Mocek v. Alfa Leisure, Inc.,*
  114 Cal. App. 4th 402 (2003).......................................................................22

*Montgomery v. Kraft Foods Global, Inc.,*
  822 F.3d 304 (6th Cir. 2016) .......................................................................20

*Moore v. Brewster,*
  96 F.3d 1240 (9th Cir. 1996) .......................................................................11

*Morris Pumps v. Centerline Piping, Inc.,*
    273 Mich. App. 187, 729 N.W.2d 898 (2006) ...............................................24

*Mussat v. IQVIA, Inc.,*
    953 F.3d 441 (7th Cir. 2020), *cert. denied* 141 S. Ct. 1126 (2021) ...............7

*Novak v. Nationwide Mut. Ins. Co.,*
    235 Mich. App. 675 (1999) ..........................................................................11

*Reid v. Johnson & Johnson,*
    780 F.3d 952 (9th Cir. 2015) .......................................................................14

*Republic Bank & Trust Co. v. Bear Stearns & Co.,*
    683 F.3d 239 (6th Cir.2012) ..........................................................................9

*Serras v. First Tenn. Bank Nat'l Ass'n,*
    875 F.2d 1212 (6th Cir. 1989) .......................................................................3

*Shaeffer v. Califia Farms, LLC,*
    44 Cal. App. 5th 1125 (2020) ......................................................................13

*Shaker v. Champion Petfoods LP,*
    No. 18-13603, 2022 WL 4002889 (E.D. Mich. Sept. 1, 2022) .....................4

*Swartz v. KPMG LLP,*
    476 F.3d 756 (9th Cir. 2007) .........................................................................9

*Tamburo v. Dworkin,*
    601 F.3d 693 (7th Cir. 2010) .........................................................................6

*Temple v. Fleetwood Enters., Inc.,*
    133 F. App'x. 254 (6th Cir.2005)................................................................18

*Tietsworth v. Sears,*
    720 F. Supp. 2d 1123 (N.D. Cal. 2010)......................................................22

*Turek v. General Mills, Inc.,*
    662 F.3d 423 (7th Cir. 2011) .......................................................................13

*Vess v. Ciba—Geigy Corp. USA,*
     317 F.3d 1097 (9th Cir. 2003) ...........................................................9, 10, 11

*VIZIO, Inc. v. Gemtek Technology Co., Ltd.,*
     No. SACV 13–160–JLS (RNBx), 2014 WL 12691575
     (C.D. Cal. Jan. 21, 2014) ...........................................................................24

*Wach v. Prairie Farms Dairy, Inc.,*
     No. 21 C 2191, 2022 WL 1591715 (N.D. Ill. May 19, 2022).......................15

*Walsh v. Ford Motor Co.,*
     807 F.2d 1000 (D.C. Cir. 1986)...................................................................18

*Zanger v. Gulf Stream Coach, Inc.,*
     No, 05-72600, 2006 WL 1494952 (E.D. Mich. May 25, 2006)....................15

*Zanger v. Gulf Stream Coach, Inc.,*
     No. 05–72300, 2005 WL 3416466 (E.D. Mich. Dec.13, 2005).....................8

## Statutes

15 U.S.C. § 2310...............................................................................................17, 18

21 U.S.C. § 343(i) ...................................................................................................12

Cal. Civ. Code § 1770..............................................................................................13

Cal. Civ. Code § 1790..............................................................................................21

Cal. Civ. Code § 1791..............................................................................................21

California Consumers Legal Remedies Act (CLRA)
     Cal. Civ. Code § 1750, *et seq.*...............................................................passim

California False Advertising Law (FAL)
     Cal. Bus. & Prof. Code § 17500, *et seq.*......................................................14

California Unfair Competition Law (UCL)
     Cal. Bus. & Prof. Code § 17200, *et seq.*................................................passim

Class Action Fairness Act (CAFA)
    28 U.S.C. §§ 1332(d), 1453, 1711–15...........................................................17

Magnuson–Moss Warranty Act (MMWA)
    15 U.S.C. § 2301, *et seq.* .........................................................passim

Mich. Comp. Laws, § 440.2313...................................................................20

Mich. Comp. Laws, § 440.2314...................................................................20

Mich. Comp. Laws, § 445.904(1) ............................................................3

Michigan Consumer Protection Act (MCPA)
    Mich. Comp. Laws § 445.901, *et seq.* (Act 331 of 1976) ....................passim

Michigan Food Law
    Mich. Comp. Laws § 289.1101, *et seq.* (Act 92 of 2000) ..........................4, 5

## **Rules**

21 C.F.R. § 101.22(i) .........................................................................12, 13

Fed. R. Civ. P. 12(b) ........................................................................3, 10

Fed. R. Civ. P. 9(b) .......................................................................8, 9, 10

## INTRODUCTION

Plaintiffs Janet Avigne ("Avigne") and Lauren Morgan ("Morgan" and collectively "Plaintiffs") filed this putative class action alleging they were misled by the packaging of Kroger's Private Selection smoked gouda sliced cheese (the "Product").  Kroger denies its Product packaging is misleading in any respect. Plaintiffs bought and received smoked gouda cheese with "distinctive, smoky flavor," and the packaging does not mislead about the source of that flavor.  Plaintiffs do not complain about the "smoky flavor" but instead quibble over whether the Product was wood smoked, flavored with "liquid smoke," or a combination of both.[1] It is a stretch that the reasonable consumer would be aware of such details about the various ways smoked flavor can be instilled into cheese, or that they care.  Since the Product's packaging contains no representation about the source of the "smoky flavor," Plaintiffs various claims lack merit and should be dismissed.

## BACKGROUND

The Product's front label identifies the product as "Smoked Gouda" with a "distinctive, smoky flavor," but it does not identify how this smoky flavor is derived. Plaintiffs claim they expected the Product to derive its smoky flavor entirely from smoking over fire and hardwood, but that it was not. (Compl. ¶76.) Plaintiffs offer

---

[1] The Court can take judicial notice that "liquid smoke" flavoring is readily available for purchase and is commonly used in cooking for many years.  The articles cited in the Complaint say as much.

1

no facts to support their assumption that the Product does not undergo wood smoking.  Plaintiff did not test the Product to determine if it was wood-smoked, nor is any other proof offered.[2]

Plaintiffs purchased this Product on multiple occasions; yet claim they are not required to read the Product's back label where "smoke flavor" is a listed ingredient. They assert that Kroger's failure to "disclose the addition of smoke flavor" on the front label results in consumers having "the false impression that the Product was made similarly to comparably labeled products and smoked over hardwood, when it was not." (Compl. ¶ 38, 51.) [3]  Plaintiffs allege they chose the Product over other unspecified similar products and overpaid for it. (Compl. ¶ 81-81).[4] Plaintiffs do not contend the Product lacks a smoky flavor or is defective in any respect.

---

[2] It turns out Plaintiff is wrong.  The Product is produced with a combination of liquid smoke (sprayed on the outside) and then two rounds of processing in a smoking chamber. Plaintiff's counsel knows this from discovery in other cases he brought against Kroger.  Counsel for Kroger reminded Plaintiffs' counsel of this fact during the Rule 7.1 meet and confer.  Kroger understands that the Court cannot consider matters outside the pleadings on this Motion to Dismiss, but this information is offered to set the record straight.

[3] Avigne, a resident of Michigan, purchased the Product from Kroger in Westland, Michigan.  In and around February 2020 and other times (Compl. ¶66). Morgan, a citizen of California, purchased the Product in Long Beach, California between June and August 2020. (Compl. ¶68).

[4] Plaintiffs point to three other cheese products they claim are correctly labeled and that supposedly obtain their taste only from smoking.  *See* Compl. ¶ 35-37, 51.

Avigne sues on behalf of herself and a proposed Michigan class, and Morgan sues on behalf of herself and a proposed California class seeking unspecified damages and injunctive relief based on state-law claims.

## STANDARD OF REVIEW

The Court should dismiss a complaint when it fails to state a claim on which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  To survive dismissal, a plaintiff's factual allegations must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The Court must accept a complaint's well-pled allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Only complaints that state a "plausible claim for relief" may survive a motion to dismiss. *Id.* at 679.  Additionally, under a Rule 12(b)(2) motion to dismiss, a plaintiff bears the burden of establishing the existence of jurisdiction.  *Serras v. First Tenn. Bank Nat'l Ass'n,* 875 F.2d 1212, 1214 (6th Cir. 1989); Fed. R. Civ. P. 12(b)(2).

## ARGUMENT

### I.  **Avigne's MCPA claim is statutorily exempt and should be dismissed.**

The Michigan Consumer Protection Act ("MCPA"), MCL § 445.901, *et seq.* does not apply to "[a] transaction or conduct specifically authorized under laws administered by a regulatory board or officer acting under statutory authority of this state or the United States." Mich. Comp. Laws § 445.904(1). The Michigan Supreme

Court construes this exemption broadly, finding that "the relevant inquiry is whether the general transaction is specifically authorized by law, regardless of whether the specific misconduct alleged is prohibited." *Liss v. Lewiston-Richards, Inc.*, 478 Mich. 203, 210, 732 N.W.2d 514 (2007) (citation and internal quotation marks omitted). Conduct is "specifically authorized" when the general transaction is "explicitly sanctioned" by law.  *Liss*, 732 N.W.2d at 520  (holding that a licensed home builder was exempt from the MCPA in a suit about poor workmanship because the "general transaction" of building residential homes is "specifically authorized" by Michigan state law and overseen by a state board); *see also Shaker v. Champion Petfoods LP*, No. 18-13603, 2022 WL 4002889, at *1 (E.D. Mich. Sept. 1, 2022) (dismissing MCPA mislabeling claim because the distribution of commercial dog feed was transaction or conduct licensed and regulated under Michigan's Feed Law and thus exempt under the MCPA); *Alexander v. Del Monte Corp*., No. 09–12303, 2011 WL 87286, at *3 (E.D. Mich. Jan. 11, 2011) (dismissing MCPA claim against Kroger because the sale of jar of fruit by a food establishment  is conduct specifically authorized under Michigan's Food Law).[5]

Here, Kroger is not subject to the MCPA because the labelling and selling of food in Michigan is specifically authorized by the Michigan Food Law and regulated by the Michigan Department of Agriculture and Rural Development ("MDARD").

---

[5] Kroger was a named defendant in *Alexander v. Del Monte*.

The Food Law codifies "the licensure and regulation of certain persons engaged in processing, manufacturing, production, packing, preparing … selling, serving or offering for sale food or drink for human consumption." Food Law, Act 92. The Food Law is also an act "to regulate the labelling, manufacture, distribution, and sale of food for protection to the consuming public and to prevent fraud and deception by prohibiting the misbranding, adulteration, manufacture, distribution, and sale of foods in violation of tis act." *Id*. By statutory definition, Kroger is licensed to sell food (*i.e.*, gouda cheese) in Michigan, and its Product labelling is subject to regulation at the state level. Kroger's selling and labelling of gouda cheese are both general transactions or conduct "specifically authorized" by the Food Law and subject to the oversight of MDARD. Kroger is thus exempt from the MCPA for conduct related to the sale and labelling of gouda cheese—precisely the transaction or conduct Avigne relies upon as basis for her MCPA claim. Accordingly, Avigne's MCPA claim should be dismissed with prejudice as a matter of law.

## II.   Morgan's multiple California state law claims should be dismissed for lack of personal jurisdiction.

The Fourteenth Amendment's due process clause authorizes two categories of personal jurisdiction: general and specific. *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014). "The nature of the defendant's contacts with the forum state determines the propriety of personal jurisdiction and also its scope—that is, whether jurisdiction is proper at all, and if so, whether it is general or specific to the claims made in the

case." *Tamburo v. Dworkin,* 601 F.3d 693, 701 (7th Cir. 2010).  If the defendant has "continuous and systematic contacts with a state," the defendant is subject to general jurisdiction there in any action, even if the action is unrelated to those contacts.  *Id.*  The bases for general jurisdiction over a corporation are (1) its place of incorporation and (2) its principal place of business.  *Daimler*, 571 U.S. at 137. It is only under "exceptional" circumstances that a court can exercise general personal jurisdiction over a corporation elsewhere.  *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017).  There are no exceptional circumstances alleged here.

On the other hand, specific jurisdiction is claim-specific. The Supreme Court's leading case of *Bristol-Myers Squibb Co. v. Super. Ct. of Cal., San Francisco Cty.*, 137 S. Ct. 1773, 1780 (2017) confirmed that "specific jurisdiction" must be based on "an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the state." *Id.*  There must be a "connection between the forum and the specific claims at issue." *Id.* at 1781.  As the Supreme Court held, "[w]hen there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State," and even "regularly occurring sales of a product in a State do not justify the exercise of jurisdiction over a claim unrelated to those sales." *Id.* (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 931, n.6 (2011)).

*Bristol-Myers* applies to class actions and requires each named representative to demonstrate either general or specific jurisdiction. *Mussat v. IQVIA, Inc*., 953 F.3d 441, 447-48 (7th Cir. 2020), *cert. denied* 141 S. Ct. 1126 (2021) (the Seventh Circuit holding that, as parties to the suit, the named class representatives must establish that "the court has personal jurisdiction over the defendant with respect to the class representative's claim"). Subsequently, the Sixth Circuit endorsed the Seventh Circuit's reasoning in *Mussat*: "As the *Mussat* court aptly concluded, we 'see no reason why personal jurisdiction should be treated any differently from subject-matter jurisdiction […]: the named representatives must be able to demonstrate either general or specific personal jurisdiction." *Lyngaas v. Ag*, 992 F.3d 412, 437-38 (6th Cir. 2021).

Here, this Court clearly lacks general personal jurisdiction over Kroger as it is an Ohio corporation with a principal place of business in that state. (Compl. ¶ 69.) Except for operating grocery stores in Michigan, as it does in many other states across the country, Kroger's presence in Michigan does not render it "at home" in Michigan. (Compl. ¶ 71.)[6] This Court similarly lacks specific personal jurisdiction over Kroger regarding the California state-law claims brought by Morgan—a California resident who did not purchase Kroger's Product in Michigan, but in

_____

[6] Plaintiff Morgan does not allege that this Court has personal jurisdiction over Kroger in relation to Morgan's California state law claims.

California. (Compl. ¶ 68.)    Because Morgan's state-law claims do not arise out of or relate to anything that Kroger did in Michigan—in fact, the specific claims and controversies arise from Product purchases in California—there is no connection or affiliation between the Michigan forum and Morgan's specific claims.   Further, Kroger's other sales in Michigan do not support the exercise of personal jurisdiction when the non-Michigan claims are not related to any Michigan sales.  *See  Bristol-Myers*, 137 S. Ct. at 1780; *Goodyear,* 564 U.S. at n.6.  Accordingly, all of Morgan's claims (UCL, CLRA, MMWA, warranty, fraud, and unjust enrichment)[7] should be dismissed for lack of personal jurisdiction.

## III.   Plaintiffs' consumer fraud and common-law fraud claims are not plead with particularity and should be dismissed.[8]

### A.    *Rule 9(b)'s application to MCPA, CLRA, UCL and fraud claims*

Under Federal Rule of Civil Procedure 9(b), "[i]n alleging fraud ..., a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b).  Under Michigan law, Rule 9(b) is applicable to all allegations of fraud, including fraud-based claims under the MCPA.  *See Zanger v. Gulf Stream Coach,*

---

[7] Morgan brings claims for violations of the California Business & Professions Code ("UCL"), §§ 17200, *et seq*.; the California Consumer Legal Remedies Act ("CLRA") Cal. Civ. Code § 1750, *et. seq*.; breach of express warranty, implied warranty of merchantability/fitness for a particular purpose and Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301 ("MMWA"), fraud, and unjust enrichment).

[8] Kroger's argument is secondary to the arguments based on the MCPA exemption and lack of personal jurisdiction which are dispositive of Avigne's MCPA claim and all of Morgan's claims.

*Inc.,* No. 05–72300, 2005 WL 3416466, at *10 (E.D. Mich. Dec. 13, 2005); *Kussy v. Home Depot U.S.A. Inc.*, 2006 WL 3447146, at *5 (E.D. Mich. Nov. 28, 2006) ("[t]he provisions of the MCPA are to be construed with reference to the common-law tort of fraud") (citing *Mayhall v. A.H. Pond Co., Inc.*, 129 Mich. App. 178 (1983)).  Plaintiffs must specify the allegedly fraudulent statements, identify the speaker, plead when and where the statements were made, and explain what made the statements fraudulent. *Republic Bank & Trust Co. v. Bear Stearns & Co.,* 683 F.3d 239, 247 (6th Cir.2012).

Under California law, claims sounding in fraud, including claims under the CLRA, and UCL, are subject to the heightened pleading requirements of Rule 9(b). *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009).  A plaintiff alleging fraud "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b).  The allegations must contain "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP,* 476 F.3d 756, 764 (9th Cir. 2007). Averments of fraud must be accompanied by the "who, what, when, where, and how" of the misconduct charged. *Vess v. Ciba—Geigy Corp. USA,* 317 F.3d 1097, 1106 (9th Cir. 2003) (citation omitted).  Additionally, "the plaintiff must plead facts explaining why the statement was false when it was made." "When an entire complaint ... is grounded in fraud and its allegations fail to satisfy the heightened

pleading requirements of Rule 9(b), a district court may dismiss the complaint ....”
*Vess*, 317 F.3d at 1107.  A motion to dismiss a complaint “under Rule 9(b) for failure
to plead with particularity is the functional equivalent of a motion to dismiss under
Rule 12(b)(6) for failure to state a claim.”  *Id.*

Here, Avigne does not cite a single provision from the comprehensive MCPA
statute to support her claim – the Complaint provides no particulars regarding the
MCPA claim, either the legal or factual requirements.  Similarly, Morgan’s CLRA
and UCL claims are not pleaded with the requisite particulars.

Additionally, both Avigne’s and Morgan’s fraud claims are not particularized
and are plead solely based on generalities and legal conclusions.  (Compl. ¶¶ 126-
130.)  Plaintiffs fail to plead how and why the label and specifically the statement
“distinctive, smoky flavor” are false.  Plaintiffs also fail to plead how many times
and when they purchased the Product, as well as that they read the front of the label
before purchasing the Product.  (*See* Compl. ¶¶ 66, 68.)  Accordingly, Plaintiffs’
allegations are insufficient to state fraud-like claim under Rule 9(b)’s heightened
pleading standard, thus requiring that the MCPA, CLRA, UCL, and fraud claims be
dismissed.

### B.    *Plaintiffs’ fraud claims*

To recover for fraud under Michigan law, a plaintiff must show that: (1) the
defendant made a material representation; (2) it was false; (3) when the defendant

made the statement, the defendant knew that it was false, or made it recklessly, without any knowledge of its truth, and as a positive assertion; (4) the defendant made it with the intention that it should be acted upon by plaintiff; (5) plaintiff acted in reliance upon it; and (6) the plaintiff thereby suffered injury. *See, e.g., Hi-Way Motor Co. v. Int'l Harvester Co.*, 398 Mich. 330, 336 (1976); *Home Owners Ins. Co. v. ADT LLC*, 2015 WL 3763489, at *5 (E.D. Mich. May 21, 2015). To meet the reliance element of a fraudulent or innocent misrepresentation claim, a plaintiff must prove that reliance on the misrepresentation was reasonable. *Novak v. Nationwide Mut. Ins. Co.*, 235 Mich. App. 675 (1999).

Similarly, under California law, the "indispensable elements of a fraud claim include a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages." *Vess*, 317 F.3d at 1106. (citing *Moore v. Brewster,* 96 F.3d 1240, 1245 (9th Cir. 1996)). Thus, both Michigan and California law requires that the alleged representation be false, and that the defendant had knowledge of its falsity.

Here, Plaintiffs do not allege that the statement "distinctive, smoky flavor" was false, or that Kroger knew of its falsity. Plaintiffs' scant fraud allegations are therefore insufficient to state a claim for relief based on fraud. (Compl. ¶¶ 126-130.)

Moreover, the Product label is neither false nor misleading, and it is not actionable. There is no graphic, wording, or imagery anywhere on the package that

11

suggests the Product's "distinctive smoky flavor" came from a fire or open flame. Plain and simple, there is no untrue statement or misrepresentation on the Product's packaging about the source of the flavor.  Therefore, taking the allegations in the Complaint as true for the purposes of this motion only, Plaintiffs have failed to plausibly plead a false representation which is a required element for a fraud claim under both Michigan and California law.  Accordingly, Plaintiffs' fraud claims should be dismissed.

Furthermore, the statement "distinctive, smoky flavor" cannot be a misrepresentation or a misleading statement as a matter of law because it complies with applicable federal food labeling law.  Plaintiffs incorrectly allege that federal law requires a food package to reveal the source of the smoked flavor, citing 21 U.S.C. § 343(i) and 21 C.F.R. § 101.22(i).  (Compl. ¶ 15).  Nothing in the FDCA or accompanying regulations impose such a requirement.  The federal misbranding statute, 21 U.S.C. § 343(i) simply requires the label to describe all ingredients using "the common or usual name."  Here, the Product is accurately described as cheese with a "distinctive, smoky flavor"—which is an accurate statement.  The Product is not represented to be "naturally smoked" or "smokehouse." (Compl. ¶ 1). Moreover, the ingredient declaration informs the consumer that the cheese has "smoke flavor" additive as is required by federal regulations. (Compl. ¶ 14); *see* 21 C.F.R. §

101.22(i).[9]  As Kroger's packaging complies in all respects with federal labeling regulations, it is not misleading as a matter of law, and the Complaint should be dismissed.

**IV.    Morgan's CLRA and UCL claims fail the reasonable consumer test and should be dismissed.**

The CLRA prohibits "unfair methods of competition and unfair or deceptive acts or practices." Cal. Civ. Code § 1770.  To state a claim under the CLRA, a plaintiff must allege that a defendant made a misrepresentation that is either "(1) an affirmative representation, or (2) an omission if the omitted fact is (a) contrary to a material representation actually made by the defendant or (b) is a fact the defendant was obliged to disclose." *Hubmer v. Walmart, Inc*., No. EDCV 20-1369 JGB (KKx), 2021 WL 1537206, at *5 (C.D. Cal. Feb. 16, 2021) (citing *Shaeffer v. Califia Farms, LLC*, 44 Cal. App. 5th 1125, 1136 (2020)).  Similarly, the UCL prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200; *Lozano v. AT&T Wireless Servs., Inc*., 504 F.3d 718, 731 (9th Cir. 2007).

---

[9] The FDCA preempts plaintiffs' attempts to use state law to require that disclosure language be added to a food label when federal regulations do not explicitly require it.  *Turek v. General Mills, Inc.*, 662 F.3d 423, 427 (7th Cir. 2011).  To the extent Plaintiff seeks to impose the additional obligation that Kroger explain the makeup of "smoke flavor" such requirement is preempted by federal law.

To state a claim under the CLRA and UCL, a plaintiff must allege that the defendant's purported misrepresentations are likely to deceive a reasonable consumer. *Reid v. Johnson & Johnson*, 780 F.3d 952, 958 (9th Cir. 2015) ("It is true that violations of the UCL, FAL, and CLRA are evaluated from the vantage point of a 'reasonable consumer'"). A reasonable consumer is "the ordinary consumer acting reasonably under the circumstances." *Davis v. HSBC Nevada, N.A.,* 691 F.3d 1152, 1162 (9th Cir. 2012) (quotations omitted). A representation or omission is likely to deceive when it is probable that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.,* 903 F. Supp. 2d 942, 967 (S.D. Cal. 2012) (quotations omitted). Reasonableness can be decided as a question of law by review of the product packaging or other materials attached to or incorporated in the complaint. *Jones v. ConAgra Foods, Inc*., 912 F. Supp. 2d 889, 899 (N.D. Cal. 2012) ("Thus, where a court can conclude as a matter of law that members of the public are not likely to be deceived by the product packaging, dismissal is appropriate.").

Here, Morgan does not allege that the statement "smoky, distinctive flavor" was deceiving to the reasonable consumer, acting reasonably in the circumstances. Morgan's does not allege that she was somehow misled to believe that she was buying gouda cheese with smoky flavor, but in fact the product she bought did not

14

have the smoky flavor she desired.  Instead, Morgan alleges that she bought gouda cheese for the smoky flavor, thinking the cheese was smoked over fire or hardwood because the front of the package didn't say otherwise. (Compl. ¶75-76). A reasonable consumer would not assume cheese is wood smoked unless the label says so.

The facts alleged about "other similar products" is also sketchy and confusing. Morgan allegedly formed her belief about the Product being wood smoked by comparing it with "other similar products" that are not identified.  (Compl. ¶82). Then, the Complaint displays labels from three other smoked gouda products that are not similar to Kroger's at all—nor does Morgan claim she saw them.  (Compl. ¶¶ 35, 37.)  Moreover, the three other labels do not state the source of the flavor— as Plaintiff claims the Kroger label should.  If Morgan had viewed those labels, she would not have known the source of the flavor because none of the labels contain this information—on the front or the back.

Simply put, the Product labeling does not convey to the reasonable consumer that the flavor derives exclusively or mostly from open fire or hardwood. The reasonable consumer reading the Product's label would only be led to expect that the Product has smoky flavor, regardless of how the flavor is derived. *E.g.*, *Wach v. Prairie Farms Dairy, Inc.,* No. 21 C 2191, 2022 WL 1591715, at *3 (N.D. Ill. May 19, 2022) (dismissing a consumer fraud claim on the basis that plaintiff was not

15

misled about buying vanilla ice cream regardless of how the vanilla flavor was derived).

Notably, the Kroger package, unlike two of the others exhibited in the Complaint, does not contain any images of fires, flames, smokehouses, or other symbols that would lead a consumer to believe and rely on a representation that the Product was smoked by an open flame. *See Colpitts v. Blue Diamond Growers*, 20 No. Civ. 2487 (JPC), 2021 WL 981455, at *10 (S.D. N.Y. Mar. 16, 2011) (the word "smokehouse" and red color scheme on packaging could mislead a reasonable consumer into believing that almonds were manufactured through an actual smokehouse). Unlike *Colpitts*, no consumer would look at the Kroger package and believe the Product was smoked by an open flame. If a consumer had any doubt, they would simply look at the ingredient label and see it contains the additive "smoke flavor". (Compl. ¶ 38). Accordingly, as the reasonable consumer would not be misled about the Product's label, Morgan's CLRA and UCL claims warrant dismissal as a matter of law.

## V.   Morgan's injunctive relief claim under the CLRA should be dismissed for lack of standing.

A plaintiff must demonstrate constitutional standing separately for each form of relief requested. In the Ninth Circuit, a previously-deceived consumer has standing to seek injunctive relief in a false advertising suit where the consumer (i) plausibly alleges "that she will be unable to rely on the product's advertising or

labeling in the future, and so will not purchase the product although she would like to," or (ii) plausibly alleges "that she might purchase the product in the future, despite the fact it was once marred by false advertising or labelling, as she may reasonably, but incorrectly assume the product was improved." *Davidson v. Kimberly-Clark Corp.*, 873 F.3d 1103, 1115 (9th Cir. 2017).

Here, Morgan—an alleged previously-deceived consumer seeking injunctive relief under the CLRA—does not allege that she will be unable to rely on the Product's label in the future and that she will not purchase the Product in the future as to fit the first *Davidson* prong. Even if Plaintiff is willing to purchase the product in the future, she does not allege any reasonable basis for her to assume that the Product's label has improved as to fit the second *Davidson* prong. Morgan cannot therefore plausibly allege a claim for injunctive relief under the CLRA. Accordingly, Morgan's injunctive relief claim should be dismissed for lack of standing.

## VI.   <u>Plaintiffs' MMWA claims are legally deficient and should be dismissed.</u>

Plaintiffs' MMWA claims should be dismissed for failing to satisfy the statute's jurisdictional numerosity requirement. A class action claim brought under this federal statute is not "cognizable" if "the number of named plaintiffs is less than one hundred." 15 U.S.C. § 2310 (d)(3)(C). The MMWA's specific numerosity requirement trumps any CAFA allegations, such that a failure to name at least 100

plaintiffs warrants dismissal for lack of subject-matter jurisdiction. *E.g.*, *Floyd v. Am. Honda Motor*, 966 F.3d 1027, 1035 (9th Cir. 2020) ("CAFA may not be used to evade or override the MMWA's specific numerosity requirement[.]").

To state a claim under the MMWA, a plaintiff must present a "sustainable claim for breach of warranty." *Temple v. Fleetwood Enters., Inc.,* 133 F. App'x. 254, 268 (6th Cir.2005). "[A] plaintiff must demonstrate that (i) the item at issue was subject to a warranty; (ii) the item did not conform to the warranty; (iii) the seller was given reasonable opportunity to cure any defects; and (iv) the seller failed to cure the defects within a reasonable time or a reasonable number of attempts." *Id.* Indeed, the requirement that a warrantor have an opportunity to cure is codified at section 2310(e), which states that "no action ... may be brought under subsection (d) of this section for failure to comply with any obligation under any written or implied warranty ... unless the person obligated under the warranty ... is afforded a reasonable opportunity to cure such failure to comply." 15 U.S.C. § 2310(e); *see also Anderson v. Gulf Stream Coach, Inc.,* 662 F.3d 775, 781 (7th Cir.2011) ("To bring an action under § 2310(d)(1), the consumer must give the warrantor a reasonable opportunity to cure its failure to comply with an obligation under any written or implied warranty.") (internal quotation marks omitted); *Walsh v. Ford Motor Co.,* 807 F.2d 1000, 1004 (D.C. Cir. 1986). With respect to class actions, "such reasonable opportunity [to cure] will be afforded by the named

18

plaintiffs." 15 U.S.C. § 2310(e). *See also Garcia v. Chrysler Group LLC*, No. 14–cv–8926 (KBF), 2015 WL 5123134, at *9, 16 (S.D. N.Y. Sept. 1, 2015) ("[t]o state a claim under the MMWA, plaintiffs must adequately plead a cause of action for breach of written or implied warranty under state law"); *Minkler v. Apple, Inc.*, 65 F.3d 810, 817-20 (N.D. Cal. 2014) (dismissing state law warranty claim in class action based on failure to give required pre-suit notice and then dismissing MMWA claim because it "will stand or fall with her express and implied warranty claims under state law"); *HRL Land or Sea Yachts v. Travel Supreme, Inc.*, 2009 WL 427375, at *5 (W.D. Mich. 2009) ("[A]n MMWA claim for breach of an implied warranty depends on the plaintiff having a valid state law implied warranty claim"); *Zanger v. Gulf Stream Coach, Inc.*, 2006 WL 1494952, at *7 (E.D. Mich. May 25, 2006) ("Ultimately, the applicability of the [MMWA] is directly dependent upon a sustainable claim for breach of warranty. Thus, if there exists no actionable warranty claim, there can be no violation of the [MMWA].").  The MMWA only provides a federal cause of action for consumers who are damaged by a failure to comply under a state warranty; MMWA claims therefore "stand or fall" with valid state law warranty claims.  *In re FCA US LLC Monostable Elec. Gearshift Litig.*, 280 F. Supp. 3d 975, 1017 (E.D. Mich. 2017). Consequently, any plaintiff that has viable state law warranty claims will also have viable MMWA claims. *See, e.g., In re MyFord Touch Consumer Litig.*, 46 F. Supp. 3d 936, 986 (N.D. Cal. 2014)

Here, Plaintiffs' MMWA claims fail because there are no allegations that the Product was subject to a warranty, that the Product did not conform to the warranty, or that Kroger was given notice and a reasonable opportunity to cure any defect pursuant to the warranty. Instead, Plaintiffs plead the MMWA and warranty claims based on "a duty to disclose and/or provide non-deceptive descriptions and marketing of the Product. (Compl. ¶ 117.) Additionally, Plaintiffs do not plead any state law warranty claims. Plaintiffs fail to identify any state warranty law and fail to plead the existence of any express warranty under state law. Accordingly, Plaintiffs' MMWA claims should be dismissed with prejudice as they are legally deficient.

## VII.  Plaintiffs' warranty claims are insufficient to state a claim for relief and should be dismissed.

Avigne fails to plead Michigan's Uniform Commercial Code which covers both express and implied warranties. Mich. Comp. Laws, §§ 440.2313, 2314. An express warranty is created based on "[a]n affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain" or "[a] description of the goods which is made part of the basis of the bargain." *Id*. at § 440.2313. Under Michigan law, every seller warrants, among other things, that the sold goods (1) "are fit for the ordinary purposes for which [the] goods are used" and (2) "conform to the promises or affirmations of fact made on the container or label if any." *Id*. at § 440.2314(2)(c), (f). The goods must have been

"defective when they left the possession of the manufacturer or seller" for a plaintiff to succeed on a breach-of-implied-warranty claim. *Montgomery v. Kraft Foods Global, Inc*., 822 F.3d 304 (6th Cir. 2016) (citing *Guaranteed Constr. Co. v. Gold Bond Prods.,* 153 Mich. App. 385, 395 N.W.2d 332, 336 (1986); *see also Bosway Tube & Steel Corp. v. McKay Mach. Co.,* 65 Mich. App. 426 (1975) ("[T]he warranty of merchantability is that the goods are of average quality within the industry, while the warranty of fitness is that the goods are fit for the purposes for which they were intended.").

Likewise, Morgan fails to plead California's Song-Beverly Consumer Warranty Act (Cal. Civ. Code § 1790, *et seq.*) which covers both express and implied warranties. The Song-Beverly Act defines "express warranty" as a written statement arising out of a sale to the consumer of a consumer good pursuant to which the manufacturer, distributor, or retailer undertakes to preserve or maintain the utility or performance of the consumer good or provide compensation if there is a failure in utility or performance. (Cal. Civ. Code § 1791.2(a).) To state a claim for breach of express warranty under California law, a plaintiff must allege (1) the exact terms of the warranty; (2) reasonable reliance thereon; and (3) a breach of warranty which proximately caused plaintiff's injury. *Minkler v. Apple, Inc.,* 65 F. Supp. 3d 810, 816–17, No. 5:13–CV–05332–EJD, 2014 WL 4100613, at *3 (N.D. Cal. Aug. 20, 2014).

In California, an implied warranty of merchantability arises under Cal. Civ. Code § 1791.1.(a)(2) to state that goods must be "fit for the ordinary purpose for which such goods are used." This warranty "does not impose a general requirement that goods precisely fulfill the expectation of the buyer. Instead, it provides for a minimum level of quality." *Jolley v. Carmax Auto Superstores West Coast, Inc*., No. CV 15–09382 RGK (SSx), 2016 WL 8923917, at *3 (C.D. Cal. Feb. 8, 2016) (citing *Am. Suzuki Motor Corp. v. Superior Court*, 37 Cal. App. 4th 1291, 1296 (Cal. Ct. App. 1995). The core test of merchantability is fitness for the ordinary purposes for which the goods are used, and this test is met if "the product is both in safe condition and substantially free of defects*." Gonzales v. Carmax Auto Superstores, LLC*, 669, F. App'x 872, 873 (9th Cir. 2016). To state a claim for breach of the implied warranty of merchantability, a plaintiff must allege a "fundamental defect that renders the product unfit for its ordinary purpose" and "must show that the product "did not possess even the most basic degree of fitness for ordinary use," or its "intended use." *Tietsworth v. Sears,* 720 F. Supp. 2d 1123, 1142 (N.D. Cal. 2010); *Mocek v. Alfa Leisure, Inc.,* 114 Cal. App. 4th 402, 406 (2003).

Here, Avigne does not allege any specific affirmation of fact or promise or description regarding the Product that Kroger made, and which is the basis of the parties' bargain as to constitute an express warranty. Similarly, Morgan does not plead any factual allegations for claims of breaches of express and implied

warranties, or even recite the requisite legal elements.  Morgan does not plead any written statement that Kroger has undertaken to preserve or maintain the utility or performance of the Product or provide compensation if the Product fails in utility or performance.  In other words, Morgan has not alleged the existence of an express warranty, let alone offered any allegations regarding the breach of an express warranty and injury.

Instead, both Avigne's and Morgan's warranty-related allegations are asserted based on "a duty to disclose and/or provide non-deceptive descriptions and marketing of the Product. (Compl. ¶ 117.)  Plaintiffs' "duty to disclose" theory is wholly insufficient to state any warranty claims.  As noted earlier, the Product's label represented that the Product was smoked gouda sliced cheese with distinctive, smoky flavor, and that is precisely what Plaintiffs bought.  Kroger did not represent any facts or made any promises regarding the source of the smoky flavor.  There can be no express warranty as a result.  Therefore, absent an allegation that an actual express warranty was created and that the Product did not conform to the warranty, Plaintiffs cannot allege that Kroger breached some imaginary warranty based on a duty to disclose how the Product was smoked.

Additionally, Plaintiffs do not allege that the Product was defective and not fit for human consumption which is precisely the Product's ordinary purpose. Plaintiffs do not plead that the Product fails the test of merchantability because it is

not in safe condition or substantially free of defects.  There is no suggestion that the Product was not safe for consumption (*i.e.*, the ordinary purpose) when purchased, or that it was defective in any away.  In fact, Plaintiffs fail to describe the Product's ordinary purpose or state how the Product was unfit for that purpose.  Plaintiffs offer only the conclusory statement that the "Product was not merchantable because it was not fit to pass in the trade as advertised, not fit for the ordinary purpose for which it was intended."  (Compl. ¶ 123).  As there could be no dispute that the Product is fit for its ordinary purpose of human consumption, Plaintiffs' implied warranty claims are without merit.  Accordingly, Plaintiffs' warranty claims should be dismissed for failure to state a claim for breach of an express or implied warranty.

**VIII.**  <u>**Plaintiffs' unjust enrichment claims are insufficient to state a claim for relief and should be dismissed.**</u>

To state a claim of unjust enrichment under Michigan law, a plaintiff must allege "(1) the receipt of a benefit by the defendant from the plaintiff and (2) an inequity resulting to the plaintiff because of the retention of the benefit by the defendant." *Morris Pumps v. Centerline Piping, Inc.,* 273 Mich. App. 187, 729 N.W.2d 898, 904 (2006).  On the other hand, California courts have held that there is no standalone unjust enrichment claim in California.  Under California law, "[t]here is no cause of action for for unjust enrichment. Rather, unjust enrichment is a basis for obtaining restitution based on quasi-contract or imposition of a constructive trust." *VIZIO, Inc. v. Gemtek Technology Co., Ltd.,* No. SACV 13–160–

24

JLS (RNBx), 2014 WL 12691575, *1 (C.D. Cal. Jan. 21, 2014). The California Supreme Court has recently clarified that standalone unjust enrichment claims might be permitted in insurance cases. *Bruton v. Gerber Prod. Co.*, 703 F. App'x 468, 470 (9th Cir. 2017).  Here, Avigne does not allege what benefit Kroger received from Avigne's purchase of the Product. Avigne also does not allege any inequity resulting from Kroger retaining the unspecified benefit.  Avigne therefore does not offer any factual allegations supporting her mere recitation of the legal elements.  Morgan's identical scant allegations are wholly improper because, under California law, unjust enrichment is not available as a standalone legal claim in the context of a consumer transaction.  Accordingly, Plaintiffs' unjust enrichment claims should be dismissed.

## CONCLUSION AND RELIEF REQUESTED

For the foregoing reasons, Kroger respectfully requests that the Complaint be dismissed with prejudice and that it be awarded such other and further relief as the Court deems appropriate.

Respectfully submitted,

**LEWIS & MUNDAY, P.C.**

/s/ T.L. Summerville (P63445)
Reginald G. Dozier (P38054)
T.L. Summerville (P63445)
Attorneys for The Kroger Co.
535 Griswold Street, Suite 2300
Detroit, Michigan 48226
(313) 961-2550
tsummerville@lewismunday.com

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C**.

Samuel Lanier Felker, Esq.
 Desislava Docheva, Esq.
Attorneys for The Kroger Co.
1600 West End Avenue, Suite 2000
Nashville, TN  37203
Tel: (615) 726-5558
samfelker@bakerdonelson.com

25

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on December 16, 2022, I electronically filed the foregoing paper with the Clerk of the Court by using the CM/ECF system, which will serve notice on all counsel of record.

*/s/ T.L. Summerville*
T.L. Summerville